IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL FRANKLIN SMICK, SR. *
*
v. * Civil Case No. JFM-16-3818
*
COMMISSIONER, SOCIAL SECURITY *
*
*************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 5]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 18, 21]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Court deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis in accordance with this Report and Recommendations.

Mr. Smick applied for Disability Insurance Benefits ("DIB") on January 25, 2011, alleging a disability onset date of September 5, 2008. (Tr. 144-45). His claim was denied initially and on reconsideration. (Tr. 94-97, 101-02). An Administrative Law Judge ("ALJ") held a hearing on January 30, 2013, (Tr. 29-69), and subsequently denied benefits to Mr. Smick in a written opinion, (Tr. 7-28). The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the Agency.

The ALJ found that Mr. Smick suffered from the severe impairments of degenerative

disorders of the back, knees, and hips, and depression. (Tr. 12). Despite these impairments, the ALJ determined that Mr. Smick retained the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant can sit for 6 hours, and stand/walk for 2 hours. He must have a sit/stand option, meaning he can stand up or sit down at will periodically during the work day. He can never climb ladders/ropes/scaffolds, ramps/stairs and occasionally balance, stoop, kneel, crouch and squat. He needs to engage in only simple and unskilled work, and work not at a production pace. He must be isolated in the position, and the claimant can only engage in only low stress work.

(Tr. 15). After considering the testimony from a vocational expert ("VE"), the ALJ determined that Mr. Smick was capable of performing jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 21-22).

Mr. Smick raises several arguments on appeal, but focuses on the inadequacy of the ALJ's determination that his impairment did not meet or equal the criteria set forth in Listing 12.04. I concur with Mr. Smick's contention, because the ALJ's Listing analysis was deficient.

In assessing mental health listings at step three, an ALJ applies the special technique for evaluating mental impairments. *See* 20 C.F.R. § 404.1520a. The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." *Id.* § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4).

Although the ALJ outlined the special technique in Mr. Smick's case, she provided inadequate analysis. In fact, the entire analysis consisted of the following conclusory paragraph:

> The claimant's affective disorder implicates listing 12.04 (Affective Disorders) but does not meet it because there is no evidence of repeated episodes of decompensation of extended duration or marked difficulties in at least two areas of mental functioning. The claimant has the following degree of limitation in the broad areas of functioning set out in the disability regulations for evaluating mental disorders and in the mental disorders listings in 20 CFR, Part 404, Subpart P, Appendix 1: mild restriction in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended duration.

(Tr. 14). The ALJ simply stated the degree of functional limitation in each area, with no citation to the evidence of record or explanation of the reasons for each finding. *Id.* The ALJ seems to suggest that the evidence substantiating the conclusions would be found elsewhere in the opinion. *Id.* However, while the remainder of the opinion includes a discussion of some of the mental health evidence and the assignments of weight to various medical opinions, it does not include any explicit analysis of the specific functional areas required to be considered for Listing 12.04.

Ultimately, in light of the lack of evidence cited by the ALJ to support her conclusions, I cannot find substantial evidence to support her evaluation of Listing 12.04. Accordingly, I recommend remand for the ALJ to fulfill her duty of explanation. In so recommending, I express no opinion regarding whether the ALJ's ultimate conclusion that Mr. Smick is not entitled to benefits is correct.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Plaintiff's Motion for Summary Judgment, (ECF No. 18);

2. the Court DENY Defendant's Motion for Summary Judgment, (ECF No. 21);

3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  November 30, 2017                                                      /s/
                                                                                                    Stephanie A. Gallagher
                                                                                                    United States Magistrate Judge