IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL FRANKLIN SMICK, SR.     *
    *
v.     *     Civil Case No. ELH-16-3818
    *
COMMISSIONER, SOCIAL SECURITY     *
    *
*************

**AMENDED REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 5]. On November 30, 2017, I issued a Report and Recommendations. [ECF No. 22]. On December 14, 2017, the Commissioner filed an objection to the Report and Recommendations. [ECF No. 23]. As a result, Judge Hollander recommitted the matter to me with instructions to consider the objection and to make any changes required. [ECF No. 24]. This Amended Report and Recommendations supersedes the original Report and Recommendations. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 18, 21]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that Mr. Smick's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Smick applied for Disability Insurance Benefits ("DIB") on January 25, 2011, alleging a disability onset date of September 5, 2008. (Tr. 144-45). His claim was denied

initially and on reconsideration. (Tr. 94-97, 101-02). An Administrative Law Judge ("ALJ") held a hearing on January 30, 2013, (Tr. 29-69), and subsequently denied benefits to Mr. Smick in a written opinion dated April 22, 2013, (Tr. 7-28). The Appeals Council declined review of that 2013 opinion. (Tr. 1-6). The supplementary material added to the original transcript reflects that this Court remanded Mr. Smick's case to the Commissioner for further review on July 27, 2015, due to deficiencies in the ALJ's 2013 opinion. (Tr. 704-09). A different ALJ held a new hearing on March 23, 2016, (Tr. 633-56), and issued an order again denying benefits on April 5, 2016. (Tr. 610-22). The Appeals Council declined review, (Tr. 601-06), making the ALJ's 2016 decision the final, reviewable decision of the Agency.

The ALJ found that Mr. Smick suffered from the severe impairments of "degenerative disc disease of the lumbar spine; osteoarthritis of the hips and knees; bilateral shoulder impingement; and depression." (Tr. 612). Despite these impairments, the ALJ determined that, through his date last insured of December 31, 2013, Mr. Smick had retained the residual functional capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he could occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; required the option to sit/stand at will while remaining on task; with both arms could occasionally reach overhead, frequently reach in all other directions, and frequently push/pull; could have occasional exposure to extreme cold, vibration, and hazards; and could perform simple, unskilled tasks, that required no fast pace or strict production requirements, with occasional changes in the work-setting, occasional decision-making, and occasional interaction with co-workers and the public.

(Tr. 615). After considering the testimony from a vocational expert ("VE"), the ALJ determined that, between his alleged onset date and his date last insured, Mr. Smick was capable of performing several jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 621-22).

Mr. Smick raises several arguments on appeal, but focuses on the inadequacy of the ALJ's determination that his impairment did not meet or equal the criteria set forth in Listing 12.04. I disagree, because the ALJ's 2016 opinion contains substantial evidence to support the conclusions reached.

In assessing mental health listings at step three, an ALJ applies the special technique for evaluating mental impairments. *See* 20 C.F.R. § 404.1520a. The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." *Id.* § 404.1520a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 404.1520a(b)(2), 404.1520a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 404.1520(e)(4).

While the 2013 opinion in Mr. Smick's case contained an inadequate evaluation of Listing 12.04, the error was rectified in the 2016 opinion. The ALJ cited to each of the relevant functional areas, assigned an appropriate level of restriction for each area, and provided supporting analysis including citation to evidence of record. (Tr. 613-14). The ALJ concluded that Mr. Smick suffered only mild restriction in activities of daily living, and moderate difficulties in the areas of social functioning and concentration, persistence, or pace. (Tr. 614). Mr. Smick's primary contention is that he had more significant social functioning issues that warranted "marked limitations," as evidenced by the deterioration of his marriage. Pl. Mot. 12-13. Even if that were true and Mr. Smick were more limited in social functioning, Mr. Smick would not be found disabled unless the ALJ also discerned marked limitations in another

3

functional area, and the record evidence simply does not support that level of restriction. Accordingly, given the evidence cited by the ALJ in his analysis of Listing 12.04, there is no basis for remand.

Mr. Smick makes several other arguments, including an argument that the ALJ failed to afford appropriate weight to the "opinions of Dr. Yu, the Claimant's treating psychiatrist." Pl. Mot. 10-11. The record, however, does not reflect that Dr. Yu ever issued any opinions regarding Mr. Smick's functional capacity or his ability to work. Mr. Smick's argument appears to pertain to the GAF score that Dr. Yu assigned during his initial evaluation on September 29, 2011. *Id.* at 11. However, "a GAF score is not determinative of whether a person is disabled. Rather, the Social Security Administration does not endorse the use of the GAF in Social Security and SSI disability programs, and it does not directly correlate to the severity requirements in the mental disorders listings." *Melgarejo v. Astrue*, No. JKS 08–3140, 2009 WL 5030706, at *2 (D. Md. Dec. 15, 2009) (citing *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)). Moreover, the GAF score assigned in that initial evaluation does not reflect a longitudinal assessment of Mr. Smick's condition and does not take into account the medication and therapy Dr. Yu prescribed to improve Mr. Smick's symptoms. The ALJ fully considered the GAF score and cited substantial evidence to support the assignment of "no weight." (Tr. 619). I thus find no error in that assessment.

Mr. Smick also contends that the ALJ cited to some treatment notes without mentioning all of the information contained therein. Pl. Mot. 10. However, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907

4

F.2d 1453, 1456 (4th Cir. 1990). Even though Mr. Smick might be able to point to pieces of evidence to support his viewpoint, this Court may not credit certain evidence over the substantial evidence relied upon by the ALJ. Moreover, the ALJ need not discuss all evidence in reaching his conclusion. *See Murphy v. Barnhart*, 417 F. Supp. 2d 965, 970 (N.D. Ill. 2006); *see also Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1160 (D. Kan. 2004).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 21];

2. the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 18];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

**DATED:** December 20, 2017        /s/
　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　United States Magistrate Judge